Qiu v. Lynch

BIA
Nelson, IJ
A087 568 649

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

JIAN GUO QIU,
> *Petitioner,*

v.                                        14-2114
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
> *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR PETITIONER:**     Mouren Wu, New York, N.Y.

**FOR RESPONDENT:**     Benjamin C. Mizer, Acting
Assistant Attorney General; Cindy
S. Ferrier, Assistant Director;
Catherine Bye, Trial Attorney,
Office of Immigration Litigation,
U.S. Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Guo Qiu, a native and citizen of the People's Republic of China, seeks review of a June 3, 2014, decision of the BIA affirming a September 10, 2012, decision of an Immigration Judge ("IJ"), denying Qiu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Guo Qiu,* No. A087 568 649 (B.I.A. June 3, 2014), *aff'g* No. A087 568 649 (Immig. Ct. N.Y. City Sept. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, excluding from consideration the basis for denying relief that the BIA rejected (that the asylum application was untimely). *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies within and between his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Qiu was not credible. The agency reasonably relied on Qiu's demeanor, noting that his testimony was evasive and unresponsive at times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*,

3

430 F.3d 77, 81 n.1 (2d Cir. 2005). The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Qiu's evidence was inconsistent regarding, among other things, where his parents were employed, when he learned the reason for his arrest, and whether his witness attended the school where his arrest occurred. Neither Qiu nor his witness provided compelling explanations for those inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Qiu's credibility, the agency reasonably relied further on his failure to provide certain corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). He did not provide a letter from his ex-girlfriend who was with him at the time of his arrest. A letter from his friend omitted any mention of his arrest, detention, and beating, while the letter from his mother failed to provide any details of those incidents, stating only that Qui had been arrested.

4

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 164-67. That determination is dispositive of Qiu's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk